**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:02CR105**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **MITCHELL DAVID COLLINS** | ) | |
| | ) | |


  **THIS MATTER** is before the Court on the Defendant's motion for reconsideration of the Court's Order filed July 8, 2009, denying his motion to reduce sentence in accordance with Amendment 706 of the Guidelines with regard to crack cocaine offenses pursuant to 18 U.S.C. § 3582.

  Defendant argues in the motion to reconsider that the Court erroneously held that Defendant was not eligible for a sentence reduction due to his status as a career offender. ***See* Defendant's Motion for Reconsideration, filed July 9, 2009;** *see also* **Order, filed July 8, 2009.** As a result of the Defendant's instant motion, the Probation Officer has filed a revised supplemental presentence report pursuant to the Crack Cocaine Amendment which shows Defendant is eligible for a reduction in

his sentence from 235 to 216 months.  *See* **Revised Supplement to the Presentence Report, filed July 13, 2009, at 1.**  In response to the Defendant's motion to reconsider, the Government concedes he is entitled to a sentence reduction; however, it opposes any further reduction of his sentence due to "his post-conviction misconduct."  *See* **Government's Response, filed July 13, 2009, at 4.**

At the time he was originally sentenced, the Defendant was found to have had a supervising role in a major drug conspiracy; at the time of his arrest, officers discovered seven firearms at his residence; and Defendant admitted to officers that he had traded crack cocaine for firearms.  *See* **Presentence Investigation Report, prepared August 11, 2003, ¶¶ 17, 18.**  Since his incarceration, Defendant has been disciplined for possession of a dangerous weapon, possession of intoxicants, assault resulting in serious injury, and other less serious offenses.  **Revised Supplement,** *supra*, **at 2.**

After giving consideration to *United States v. Booker*, the provisions of 18 U.S.C. § 3553(a), and the disciplinary actions set forth in the Revised Supplement to the presentence report, the Court concludes the Defendant has demonstrated a continuing disrespect for the law.  It further indicates a

high probability that his criminal conduct would continue to the detriment of public interest and protection. *See* **18 U.S.C. § 3553(a)(2)(B) & (C).**

Section 3582(c)(2) and Amendment 706 to the Guidelines provide the Court with authority to reduce the Defendant's sentence in this case. However, the exercise of that authority is discretionary. "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." **USSG § 1B1.10, comment. (n.4) (backg'd.).**

Therefore, in the exercise of its discretion, and for the reasons set forth above, the Court denies the relief sought.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for reconsideration is **ALLOWED**; and such reconsideration having been afforded, the Court's order denying Defendant's motion for reduction of sentence is **AFFIRMED.**

Signed: July 15, 2009

Lacy H. Thornburg
United States District Judge